Filed 3/24/15  In re R.R. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| In re R.R., a Person Coming Under the Juvenile Court Law. | C076245 |
| BUTTE COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES, | (Super. Ct. No. J36889) |
| Plaintiff and Respondent, | |
| v. | |
| T.R., | |
| Defendant and Appellant. | |

T.R., mother of the minor, appeals from the judgment of disposition of the juvenile court.  (Welf. & Inst. Code, §§ 358, 360[further undesignated statutory references are to the Welfare and Institutions Code].)  Mother previously appealed an order terminating her reunification services as to two older siblings of this minor (*In re S.R.*, case No. C074094).  Mother reiterates arguments made in the first appeal to demonstrate that termination of her services in that case was unlawful and to argue that,

1

because the order terminating services in the prior case was not final, the juvenile court could not rely on it in denying services in this case. We disagree.

We affirmed the juvenile court's orders terminating mother's services in case No. C074094, relying on the reasoning in *In re Jesse W.* (2007) 157 Cal.App.4th 49 (*Jesse W.*) and further concluding the juvenile court did not abuse its discretion in denying her additional services in that case. (*In re S.R.* (Jan. 15, 2015, C074094) [nonpub. opn.].) Because we conclude the bypass provision in section 361.5, subdivision (b)(10) does not require finality, we affirm the juvenile court's order bypassing services to mother in this case.

## FACTS[1]

In the previous case, S.R. and V.R., siblings of the minor, were detained in 2012 due to parental substance abuse and neglect. The court ordered reunification services for both parents. Mother denied she had substance abuse issues, did not fully participate in services, and continued to test positive for drugs or failed to test at all. The court was not persuaded by mother's excuses for failing to engage in services in a timely fashion and terminated her reunification services at the six-month review hearing. (*In re S.R.*, *supra*, C074094 [at pp. 3-4].)

A petition was filed in August 2013 alleging newborn R.R. was at risk of physical harm due to mother's substance abuse problem and her resistance to services. The petition further alleged mother's reunification services for V.R. and S.R. had been terminated. The petition was amended to allege that mother breast-fed the minor despite ongoing use of methamphetamine. The minor was detained under temporary orders in October 2013 following issuance of a protective custody warrant and formally detained in November 2013.

---

[1] Some facts are abstracted from the opinion in the prior appeal. (*In re S.R.*, *supra*, C074094.)

The jurisdiction report stated mother continued to test positive for methamphetamine. Mother was not forthcoming about her substance abuse despite many positive tests during 18 months of services in the siblings' cases. The court sustained the petition as amended in January 2014.

The disposition report filed in February 2014 recommended bypassing services for mother pursuant to section 361.5, subdivision (b)(10) and offering services to father. Mother continued to test positive for methamphetamine while denying usage of and dependency on the drug. The report stated that when the minor was two months old a medical examination concluded he was suffering symptoms of drug withdrawal. Mother continued to have excuses for failing to drug test and blamed the technicians when she tested positive. At the disposition hearing in February 2014, the court denied services for mother and granted services for the father.

## DISCUSSION

Mother contends that because the order terminating reunification services in the prior case is both illegal and not final, it cannot form the basis of a bypass order pursuant to section 361.5, subdivision (b)(10). We disagree.

In case No. C074094, mother challenged the legality of the order terminating her services, arguing services could not be terminated as to only one parent. We disagreed, relying on the majority opinion in *Jesse W.*, *supra*, 157 Cal.App.4th at pp. 60, 63, and 65 and declining to follow the dissent in that case. (*In re S.R.*, *supra*, C074094 [at p. 5].) Mother also argued in case No. C074094 that the court abused its discretion in terminating her reunification services. We again disagreed, concluding the evidence was more than ample to support the exercise of the juvenile court's discretion. (*In re S.R.*, *supra*, C074094 [at pp.6-7].)

Mother acknowledges that a juvenile court may terminate services for a sibling and immediately use that fact to support an order bypassing services for a second sibling. (*In re Harmony B.* (2005) 125 Cal.App.4th 831, 842-843 (*Harmony B.*), review den.)

3

However, mother argues the *Harmony B.* court did not consider whether the order terminating services had to be final before it could support a bypass order. We conclude the statute does not require finality of the prior order.

The juvenile court may bypass services to a parent when it finds, by clear and convincing evidence, "[t]hat the court ordered termination of reunification services for any siblings or half siblings of the child because the parent or guardian failed to reunify with the sibling or half sibling after the sibling or half sibling had been removed from that parent or guardian pursuant to Section 361 and that parent or guardian is the same parent or guardian described in subdivision (a) and that, according to the findings of the court, this parent or guardian has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child from that parent or guardian." (§ 361.5, subd. (b)(10).)

Where the language of the statute is clear, there is nothing to construe and no need to resort to legislative intent to discern its meaning. (*People v. Meyer* (2010) 186 Cal.App.4th 1279, 1283.) The clear language of the above-quoted statute merely identifies a set of conditions that, if found, permits the juvenile court to bypass services to a parent who would not benefit from them. (*In re Joshua M.* (1998) 66 Cal.App.4th 458, 474; *In re Jennilee T.* (1992) 3 Cal.App.4th 212, 220.) As in *Harmony B.*, *supra*, 125 Cal.App.4th 831, where the statute, by its terms, did not require a lapse of time to apply the bypass provisions, nothing in the statute suggests that when establishing the factual basis for section 361.5, subdivision (b)(10), there is also a burden to show that the prior orders of the court are final. It is only necessary to show that such orders have been made. (See also § 361.5, subds. (b)(3), (6), (11), (12), (16).)

The order terminating reunification services for mother in case No. C074094 was not invalid. Finality of that order was not required. The juvenile court did not err in finding by clear and convincing evidence that bypass of services pursuant to section 361.5, subdivision (b)(10) was proper in this case.

4

**DISPOSITION**

The judgment is affirmed.

                                                   _____RAYE_____, P. J.

We concur:

_____BLEASE_____, J.

_____HULL_____, J.

5